JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United Medical Clinic of PA, LLC

**DEFENDANTS**

Echo Health, Inc.

**(b)** County of Residence of First Listed Plaintiff  Delaware, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Cuyahoga, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Wisler Pearlstine, LLP
45 Liberty Blvd., Malvern, PA 19355; P: 610-722-5800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Funds for Services Deposited into Incorrect Account

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ >$150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  5/28/26

SIGNATURE OF ATTORNEY OF RECORD  s/ David M. Burkholder

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Media, Delaware County, PA_

---

***RELATED CASE IF ANY:***   Case Number:_____   Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                                   Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?                Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same     Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?                      Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated
action in this court.

---

**Civil Litigation Categories**

*A.*   *Federal Question Cases:*

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Wage and Hour Class Action/Collective Action
☐  6.   Patent
☐  7.   Copyright/Trademark
☐  8.   Employment
☐  9.   Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief  **\*see certification below\***
☐  16.  All Other Federal Question Cases. *(Please specify):*_____

*B.*   *Diversity Jurisdiction Cases:*

☒  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify)*:_____
☐  7.   Products Liability
☐  8.   All Other Diversity Cases: *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications
beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or
federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory
judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the
money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a
violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED MEDICAL CLINIC OF PA, LLC,<br>                    Plaintiff,<br><br>          v.<br><br>ECHO HEALTH, INC.,<br>                    Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, United Medical Clinic of PA, LLC, complains against Defendant, ECHO Health, Inc. ("Echo Health"), as follows:

### Parties

1.     United Medical Clinic of PA, LLC is a Delaware limited liability company with its corporate headquarters at 5201 Pennell Road, Suite A, Media, PA 19063.

2.     Echo Health is an Ohio corporation with a principal location at 810 Sharon Drive, Westlake, OH 44145.

### Jurisdiction and Venue

3.     This Court has jurisdiction of this matter under 28 U.S.C. § 1332, in that there is diversity among the parties to this action and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

4.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(2), in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### Factual Background

5.     United Medical Clinic of PA, LLC is an occupational health and multi-specialty

group practice located in Media, Pennsylvania, which is paid through a variety of methods, including private payors, federal programs (like Medicaid and Medicare), state programs, and various insurers for services provided to patients.

6.   Echo Health holds itself out as an expert in payment solutions for various companies in the healthcare industry and provides payment automation, flexible payment options, and the scalability of a single payment platform for companies signing up for its services.

7.   Echo Health advertises its services as providing a more efficient, easier and cost effective way for clients who deal with multiple insurance companies to receive, process, and distribute payments from insurers.

8.   Echo Health charges customers a transaction fee which typically is a percentage of each payment received on the customer's behalf, thereby guaranteeing itself payment (as the percentage due to Echo Health is charged when the funds are received from the payor).

9.   Thus, funds received by Echo Health for companies that sign up for its services are processed and distributed to the ultimate payee in a system that is wholly owned, controlled, overseen, managed, and maintained by Echo Health.

10.   In 2020, United Medical Clinic of PA, LLC was owned by Kemal Erkan, who is no longer affiliated with United Medical Clinic of PA, LLC.

11.   On April 8, 2020, United Medical Clinic of PA, LLC was purchased by Dr. Leemu Kerkula, M.D.

12.   Dr. Kerkula purchased all assets of United Medical Clinic of PA, LLC, such that neither Mr. Erkan nor anyone else had any interest, equitable or otherwise, in the assets of United Medical Clinic of PA, LLC or any monies that were paid to United Medical Clinic of PA, LLC

2

due to the provision of any labor or services.

13.     Prior to Dr. Kerkula's purchase of the business, United Medical Clinic of PA, LLC's prior owner had enrolled with Echo Health as a third-party payment processor.

14.     In or about January 2021, United Medical Clinic of PA, LLC, now owned by Dr. Kerkula, enrolled as a new customer for Echo Health's automated payment processing services and provided Echo Health, among other information, United Medical Clinic of PA, LLC's new owner and new banking information.

15.     As a healthcare provider, United Medical Clinic of PA, LLC relied on Echo Health's proclaimed expertise and services in deciding to sign up for its services.

16.     The enrollment process was completed online.

17.     Pursuant to a document entitled "EFT (Electronic Funds Transfer) and ERA (Electronic Remittance Advice) Enrollment Form" (hereafter, "Enrollment Form"), United Medical Clinic of PA, LLC provided, among other things, its name, address, contact information, telephone number, email address, agent information, and financial institution information. *See e.g.*, Enrollment Form, an unexecuted copy of which is attached hereto as Exhibit "A."[1]

18.     The Enrollment Form incorporated another document entitled "Terms and Conditions."

19.     The Terms and Conditions further state:

> The standard for payments made by ECHO Health Inc. ("ECHO", "we", or "us") is through the Federal Automated Clearing House, commonly known as ACH or direct deposit. ACH is known to be the safest, fastest and most convenient method of payment. To enroll in the ACH payment process, you (as an individual or company) must have a valid checking or savings

---

[1] After the present controversy arose, United Medical Clinic of PA, LLC specifically requested a copy of the contract or other documents it executed during the enrollment process with Echo Health, but as of the filing of this Complaint, Echo Health has either failed or refused to provide a copy of any such materials.

account at a financial institution that participates in ACH. Most banks and credit unions participate in ACH.

This Agreement is subject to Article 4A of the Uniform Commercial Code ("UCC"). By agreeing to this Agreement and providing us your account information, you agree to provide accurate enrollment information and accept the provisions of this Agreement. Further, you authorize ECHO to credit or debit the account(s) listed on your Enrollment Form (the "Account" or "Accounts") in connection with processing transactions between you and any Payer(s). You agree to comply with all applicable laws, rules and guidelines related to electronic funds transfers, including without limitation, Article 4A of the UCC and the operating rules and regulations of the National Automated Clearinghouse Association. These rules provide, among other things, that payments made to you are provisional until final settlement is made through a Federal Reserve Bank or payment is otherwise made as provided in Article 4A-403(a) of the UCC. If we do not receive such payment, we are entitled to a refund from you in the amount credited to your Account, and the Payer that originated or instructed such payment will not be considered to have paid the amount so credited. **We may also adjust any future payments to you if payments previously made are found to be duplicates, in excess of requirements, fraudulent, in error, or require any other adjustment under the terms of an agreement with you. This may be accomplished using an ACH debit. We may make adjustments to your Account(s) whenever a correction or change is required.**

**Submission of the ACH Payment Enrollment Form authorizes ECHO to electronically deposit payments through ACH to the financial institution named herein pertaining to payments for health care services rendered.** You understand and agree that payments you receive may be from Federal and State funds, and that any falsification, or concealment of a material fact, may be prosecuted under Federal and State laws. Your authorization shall remain in effect until we receive a revised written authorization from you, or your advanced written notice of termination is provided to us. Such notice should afford ECHO and the financial institution named herein reasonable opportunity to act on it. It is your responsibility to provide an updated ACH Payment Enrollment Form to ECHO updating any changes to your financial institution, routing and/or account number(s).

*See* Terms and Conditions, attached hereto as Exhibit "B" (bold emphasis added).

20.    Further, Echo Health reserved the right "to reverse any duplicate or erroneous credit entries." *See id.* at 1.

21.    In exchange for United Medical Clinic of PA, LLC's payments to Echo Health for

4

its services, Echo Health agreed to provide accurate payment processing services to United Medical Clinic of PA, LLC and to promptly correct any errors in such processing.

22.    Thus, pursuant to the Terms and Conditions it drafted, Echo Health had the duty to monitor payments for their accuracy and completeness.

23.    Not long after United Medical Clinic of PA, LLC enrolled with Echo Health, United Medical Clinic of PA, LLC learned that certain payments which it was supposed to receive were being sent by Echo Health to another financial institution and an account which did not belong to United Medical Clinic of PA, LLC but which, in fact, belonged to a predecessor of United Medical Clinic of PA, LLC under, among other things, a different bank account and owner information.

24.    On March 3, 2021, United Medical Clinic of PA, LLC contacted Echo Health to notify it that certain payments due to United Medical Clinic of PA, LLC were being sent to the wrong financial institution and another entity or individual.

25.    United Medical Clinic of PA, LLC also notified Echo Health that during the enrollment process with Echo Health on January 14, 2021, United Medical Clinic of PA, LLC provided the correct information for its accounts to Echo Health.

26.    On March 4, 2021, Echo Health "cleared" United Medical Clinic of PA, LLC's account, which United Medical Clinic of PA, LLC understood to mean that Echo Health's system deleted all information relating to any previous owner of United Medical Clinic of PA, LLC and allowed it to upload the correct banking and account information.

27.    Thereafter, United Medical Clinic of PA, LLC again provided the correct information to Echo Health to process payments due to United Medical Clinic of PA, LLC.

28.    United Medical Clinic of PA, LLC notified Echo Health that United Medical

5

Clinic of PA, LLC had been purchased by Dr. Kerkula, was under new ownership and had new banking information.

29.    At that time and thereafter, United Medical Clinic of PA, LLC relied on Echo Health to rectify the incorrect payments and reasonably relied on Echo Health's statement that it cleared its system, received – again – United Medical Clinic of PA, LLC's information, and was monitoring its systems for accuracy and completeness.

30.    At no time during any relevant period hereto did Echo Health notify United Medical Clinic of PA, LLC that other accounts for United Medical Clinic of PA, LLC under a different owner's name existed in Echo Health's system or network or that Echo Health was relying on that different information to process payments intended for United Medical Clinic of PA, LLC.

31.    At no time during any relevant period hereto did Echo Health notify United Medical Clinic of PA, LLC that despite the written instructions given to it in January and again in March 2021 that Echo Health would require additional or other instructions from United Medical Clinic of PA, LLC to change or withdraw any prior information in Echo Health's systems relating to any former owners of United Medical Clinic of PA, LLC.

32.    At no time during any relevant period hereto did Echo Health notify United Medical Clinic of PA, LLC that when Echo Health cleared its system of United Medical Clinic of PA, LLC's information, Echo Health did not clear any of the information relating to the prior owner of United Medical Clinic of PA, LLC.

33.    In a review of its financial performance in late 2025/early 2026, United Medical Clinic of PA, LLC discovered that it could not account for monies for certain payments which were processed through Echo Health.

6

34.    United Medical Clinic of PA, LLC promptly notified Echo Health that it could not account for certain payments which it knew should have been paid through Echo Health to United Medical Clinic of PA, LLC's account.

35.    By email dated Echo Health responded that it had identified 516 payments totaling $223,832.43 that were issued pursuant to electronic fund transfer ("EFT") instructions which Echo Health claimed to have on file and Echo Health deposited those funds into an account at Wilmington Savings Fund Society ("WSFS") which belongs to a former owner of United Medical Clinic of PA, LLC.

36.    Upon learning of Echo Health's admission about the missed payments, United Medical Clinic of PA, LLC demanded that Echo Health refund the payments wrongly paid to another account and/or entity which United Medical Clinic of PA, LLC never authorized for payment, a copy of all written agreements or other contracts between it and Echo Health, and an accounting of United Medical Clinic of PA, LLC's account to determine whether Echo Health's report about the number of and amount of missing payments was accurate.

37.    Echo Health agreed to provide the contract but never did so.

38.    Echo Health refused to allow United Medical Clinic of PA, LLC to perform an accounting and to provide the necessary documentation to United Medical Clinic of PA, LLC for an accounting.

39.    Echo Health refused to make any payment for the missing monies to United Medical Clinic of PA, LLC.

40.    By letter dated April 24, 2026, United Medical Clinic of PA, LLC demanded – again – that Echo Health reimburse United Medical Clinic of PA, LLC for the diverted payments. A copy of United Medical Clinic of PA, LLC's most recent demand for repayment is attached

7

hereto as Exhibit "C."

41.    To date however, Echo Health has failed and refused to reimburse United Medical Clinic of PA, LLC.

42.    Further, Echo Health has stated that it is United Medical Clinic of PA, LLC's responsibility to contact the company which Echo Health wrongly paid to recover the monies at issue.

43.    United Medical Clinic of PA, LLC has no such duty, however.

44.    It is Echo Health's responsibility and obligation to safeguard and now return the monies to United Medical Clinic of PA, LLC.

45.    As alleged above, Echo Health's failures to pay United Medical Clinic of PA, LLC the monies which Echo Health wrongly paid to others has caused damages to and continues to cause damage to United Medical Clinic of PA, LLC, for which Echo Health is solely liable.

## COUNT I – 
## <u>BREACH OF CONTRACT</u>

46.    United Medical Clinic of PA, LLC incorporates herein by reference the foregoing paragraphs.

47.    Provided it is found that the Enrollment Form and the Terms and Conditions constitute a written agreement, United Medical Clinic of PA, LLC and Echo Health are parties to a contract.

48.    Pursuant to the contract, Echo Health, in exchange for payment of certain transaction fees, agreed to simplify, monitor, correct, oversee the accuracy of, properly process payments to United Medical Clinic of PA, LLC, and remit any monies due to United Medical Clinic of PA, LLC.

49.    The contract also came with an implied covenant of good faith and fair dealing, in that Echo Health would act in good faith and deal fairly with United Medical Clinic of PA, LLC.

50.    United Medical Clinic of PA, LLC paid all transaction fees to Echo Health.

51.    By virtue of the foregoing paragraphs incorporated herein by reference, Echo Health's failure to provide work and services in accordance with the terms of the parties' contract constitutes a material breach thereof and of the implied covenant of good faith and fair dealing, for which it is liable to United Medical Clinic of PA, LLC.

52.    Echo Health, at a minimum and by its own admission, improperly processed at least 516 payments totaling at least $223,832.43 which should have been paid to United Medical Clinic of PA, LLC but which Echo Health deposited with accounts not owned, controlled, or maintained by United Medical Clinic of PA, LLC.

53.    Echo Health was responsible to monitor, correct, oversee the accuracy of, and properly process payments to United Medical Clinic of PA, LLC.

54.    United Medical Clinic of PA, LLC has demanded multiple times that Echo Health reimburse it for the monies improperly and illegally processed by Echo Health, but to this day, Echo Health refuses to remit or reimburse United Medical Clinic of PA, LLC for any of the payments identified to this point.

55.    United Medical Clinic of PA, LLC satisfied all conditions precedent, if any, under the parties' agreement entitling it to Echo Health's agreed-upon performance.

56.    As a result of Echo Health's failures to comply with the terms of the parties' agreement, United Medical Clinic of PA, LLC, as stated above, has incurred and will continue to incur substantial damages, damages for which Echo Health is liable.

9

WHEREFORE, United Medical Clinic of PA, LLC respectfully demands that this Court enter judgment in its favor and against Echo Health in an amount that exceeds the jurisdictional limit of this Court, plus interest, costs and such other relief as the Court deems necessary or appropriate.

## COUNT II –
## ALTERNATIVELY, UNJUST ENRICHMENT

57. United Medical Clinic of PA, LLC incorporates herein by reference the foregoing paragraphs.

58. Alternatively, to the extent no breach of an express contract is found between the parties, United Medical Clinic of PA, LLC is entitled to recover from Echo Health under the theory of unjust enrichment.

59. United Medical Clinic of PA, LLC conferred benefits on Echo Health by paying it transaction fees for Echo Health's services.

60. Echo Health accepted, appreciated and retained the benefits conferred on it by United Medical Clinic of PA, LLC.

61. Echo Health secured the benefits from United Medical Clinic of PA, LLC yet failed to properly process, account for, and oversee payments to United Medical Clinic of PA, LLC.

62. Echo Health's acceptance and retention of all of the benefits conferred on it by United Medical Clinic of PA, LLC, under the circumstances, would be inequitable in the absence of full restitution to United Medical Clinic of PA, LLC of the damages it incurred and value of all of the benefits conferred.

WHEREFORE, United Medical Clinic of PA, LLC respectfully demands that this Court enter judgment in its favor and against Echo Health in an amount that exceeds the jurisdictional

limit of this Court, plus interest, costs and such other relief as the Court deems necessary or appropriate.

## COUNT III –
## ACCOUNTING

63.    United Medical Clinic of PA, LLC incorporates herein by reference the foregoing paragraphs.

64.    If a valid express or implied contract is found to exist between the parties, then United Medical Clinic of PA, LLC has a claim against Echo Health for an accounting of the monies and accounts which were not properly paid to United Medical Clinic of PA, LLC.

65.    Echo Health received monies as agent and/or trustee for United Medical Clinic of PA, LLC whereby the relationship between the parties created a legal obligation upon Echo Health to account to United Medical Clinic of PA, LLC for the monies received by Echo Health.

66.    By virtue of the foregoing all of which is incorporated herein by reference, Echo Health failed to account and United Medical Clinic of PA, LLC is unable, by reason of Echo Health's failure to account, to state the exact amount due to United Medical Clinic of PA, LLC.

67.    Echo Health therefore breached or was in dereliction of its duty under the parties' contract, for which it is liable to United Medical Clinic of PA, LLC and for which United Medical Clinic of PA, LLC is entitled to an accounting.

WHEREFORE, United Medical Clinic of PA, LLC respectfully demands that this Court enter judgment in its favor and against Echo Health and direct an accounting of all accounts and monies received by Echo Health from 2021 through the present for all monies received, charges assessed, and monies paid by Echo Health, to be performed by an independent forensic accountant whose charges shall be paid by Echo Health, and such other relief as the Court deems necessary or appropriate.

11

## COUNT IV –
## ALTERNATIVELY, PROMISSORY ESTOPPEL

68. United Medical Clinic of PA, LLC incorporates herein by reference the foregoing paragraphs.

69. If and to the extent that any alleged express contract claimed to exist between the parties is found not to be a valid and enforceable contract, then United Medical Clinic of PA, LLC is nevertheless entitled to recover its damages from Echo Medical under the theory of promissory estoppel.

70. By virtue of Echo Health's representations as to the type of services it would provide and its "clearing" United Medical Clinic of PA, LLC's profile and requiring it to re-enter and re-enroll for Echo Health's services, Echo Health made a promise to United Medical Clinic of PA, LLC that in exchange for the payment of the transaction fees and enrolling for its services, Echo Health would properly and correctly process funds received for United Medical Clinic of PA, LLC and/or monitor and correct errors with any funds improperly paid to individuals or entities which were not United Medical Clinic of PA, LLC and whom did not have a valid claim to the funds received and further that Echo Health would notify United Medical Clinic of PA, LLC of any such errors or activities.

71. By virtue of its conduct, Echo Health made the promise reasonably expecting to induce United Medical Clinic of PA, LLC into paying Echo Health to do the work it promised to do for United Medical Clinic of PA, LLC.

72. In reliance on the promises, United Medical Clinic of PA, LLC paid Echo Health monies to properly process, account for, and pay monies due to United Medical Clinic of PA, LLC.

73. Injustice to United Medical Clinic of PA, LLC can be avoided only by enforcing

the promises of Echo Health and requiring Echo Health to pay United Medical Clinic of PA, LLC for the damages it caused in failing to honor the promises it made.

74.     All conditions precedent, if any, to United Medical Clinic of PA, LLC's right to recover the amounts demanded from Echo Health have been satisfied.

WHEREFORE, United Medical Clinic of PA, LLC respectfully demands that this Court enter judgment in its favor and against Echo Health in an amount that exceeds the jurisdictional limit of this Court, plus interest, costs and such other relief as the Court deems necessary or appropriate.

## COUNT V –
## ALTERNATIVELY, NEGLIGENCE

75.     United Medical Clinic of PA, LLC incorporates herein by reference the foregoing paragraphs.

76.     Alternatively, to the extent any of United Medical Clinic of PA, LLC's claims are not covered by any contractual claim, United Medical Clinic of PA, LLC is entitled to relief from Echo Health under a theory of negligence.

77.     Echo Health represented itself as a professional third-party payor administrator to United Medical Clinic of PA, LLC.

78.     As a professional third-party payor administrator, Echo Health thus had a duty to manage any funds received for United Medical Clinic of PA, LLC properly, account for such funds, oversee the accounts to which funds were received for United Medical Clinic of PA, LLC, assure the accuracy of funds paid to United Medical Clinic of PA, LLC or on its behalf, alert United Medical Clinic of PA, LLC to any inaccuracies or errors with funds paid to it, and clear all accounts relating to United Medical Clinic of PA, LLC in 2021 when it was notified of the

13

processing error, and repay United Medical Clinic of PA, LLC for any funds under Echo Health's control which were improperly paid to others.

79.     As stated in detail above, Echo Health breached the aforementioned duties to United Medical Clinic of PA, LLC by failing to perform any of the aforementioned duties in accordance with the appropriate standard of care.

80.     Echo Health's failure to satisfy its duties has caused United Medical Clinic of PA, LLC substantial damages, for which Echo Health is liable, and is the proximate cause of United Medical Clinic of PA, LLC's damages.

WHEREFORE, United Medical Clinic of PA, LLC respectfully demands that this Court enter judgment in its favor and against Echo Health in an amount that exceeds the jurisdictional limit of this Court, plus interest, costs and such other relief as the Court deems necessary or appropriate.

**WISLER PEARLSTINE, LLP**

By:    *s/ David M. Burkholder*
David M. Burkholder, Esquire
Courtney A. Bischoff, Esquire
45 Liberty Boulevard, Suite 230
Malvern, PA 19355
*Attorneys for Plaintiff,*
*United Medical Clinic of PA, LLC*

Dated:  May 29, 2026

14

# EXHIBIT "A"



# EFT (Electronic Funds Transfer) and
## ERA (Electronic Remittance Advice) Enrollment Form

*(All fields are required unless otherwise indicated)*

## INSTRUCTIONS

» This is a fillable form. Type your information into the form on your screen, or print the form and fill in the information.

» Complete all sections that apply to your enrollment choice *(EFT, ERA, or both EFT and ERA)*.

» Enrollments are handled at the TAX ID level. All NPIs associated with the specified TIN will be automatically enrolled.

» If your TAX ID would like to receive payments via more than one bank account, please contact edi@echohealthinc.com.

» Sign the form. Postal mail *OR* send the completed form to ECHO® via the ECHO secure portal. Postal mail: ECHO Health, Inc., 810 Sharon Drive, Westlake, Ohio 44145. Or, send via the ECHO secure portal: https://edi.echohealthinc.com/new-ticket.

» For information about the status of your enrollment, or for any other questions, please contact ECHO at 440.835.3511 or edi@echohealthinc.com.

» Once you receive EFT payments, if you encounter issues with missing or late delivery of 835s, please contact edi@echohealthinc.com, or contact your clearinghouse partner directly so they can reach out to ECHO Health Inc. on your behalf.

**You will need to contact your financial institution to arrange for delivery of CORE-required Minimum CCD+ Data Elements necessary for successful reassociation.**

**Payer / Insurance Company Name:** [                    ]

*(Please specify only one Payer per form)*

**ECHO Draft Number:** [            ]    **ECHO Draft Amount $:** [            ]

For security purposes, please supply an ECHO Draft Number and matching Draft Amount to validate against your Tax ID. The Draft Number will be either a 9-digit payment number starting with "3" or a 10-digit number beginning with "1". **Note:** For ERA Only, Draft Number and Draft Amount are **not required**.

### 1-Form select *(Required)*

◉ EFT & ERA    ◯ EFT Only    ◯ ERA Only

### 2-Provider Information *(Required)*

**Provider Name:** [                    ]
*(Complete legal name of institution, corporate entity, practice or individual provider)*

**Street:** [                    ]
*(The number and street name where a person or organization can be found)*

**City:** [            ]    **State/Province:** [ Choose one ]    **Zip Code/Postal Code:** [        ]

| *(City associated with provider address field)* | *(ISO-3166-2 Two-character Code associated with the State/Province/Region of the applicable Country.)* | *(System of postal-zone codes [zip stands for "zone improvement plan"] introduced in the U.S. in 1963 to improve mail delivery and exploit electronic reading and sorting capabilities.)* |

### 3-Provider Identifiers Information *(Required)*

#### Provider Identifiers

**Provider Federal Tax Identification Number (TIN) or Employer Identification Number (EIN):** [            ]
*(A Federal Tax Identification Number, also known as an Employer Identification Number [EIN], is used to identify a business entity)*

**Does provider have a National Provider Identifier (NPI) Number?** ◉ Yes    ◯ No

**If "Yes" enter NPI, National Provider Identifier (NPI):** [            ]

*(A Health Insurance Portability and Accountability Act (HIPAA) Administrative Simplification Standard. The NPI is a unique identification number for covered healthcare providers. Covered healthcare providers and all health plans and healthcare clearinghouses must use NPIs in the administrative and financial transactions adopted under HIPAA. The NPI is a 10-position, intelligence-free numeric identifier (10-digit number). This means that the numbers do not carry other information about healthcare providers, such as the state in which they live or their medical specialty. The NPI must be used in lieu of legacy provider identifiers in the HIPAA standards transactions.)*

ECHO Health, Inc. || 810 Sharon Drive || Westlake, Ohio 44145 || Phone: 440.835.3511 || Fax: 440.835.5656 || wwe.echohealthinc.com
The ECHO logo and the text "ECHO" are Registered Service Marks of ECHO Health, Inc.

EFT-ERA Fillable - ECHO - standard 2025-3D                                                Page 1 of 3

*ONLINE*

**4-Provider Contact Information** *(Required for **EFT Only** or for **EFT & ERA** "Form Select" choice)*

Provider Contact Name: [_____]

*(Name of contact in provider office for handling EFT issues)*

Telephone Number: [_____]    E-mail Address: [_____]

*(Associated with contact person)*    *(An electronic mail address at which the health plan might contact the provider)*

**4A-Provider Contact Information** *(Required for **ERA Only** or for **EFT & ERA** "Form Select" choice)*

Provider Contact Name: [_____]

*(Name of contact in provider office for handling ERA issues)*

Telephone Number: [_____]    E-mail Address: [_____]

*(Associated with contact person)*    *(An electronic mail address at which the health plan might contact the provider)*

**5-Provider Agent Information** *(If applicable and you selected **EFT Only** or **EFT & ERA** "Form Select" choice)*

Provider Agent Name: [_____]

*(Name of provider's authorized agent)*

Provider Agent Contact Name: [_____]

*(Name of contact in agent office for handling EFT issues)*

Telephone Number: [_____]    E-mail Address: [_____]

*(Associated with contact person)*    *(An electronic mail address at which the health plan might contact the provider)*

**5A-Provider Agent Information** *(If applicable and you selected **ERA Only** or **EFT & ERA** "Form Select" choice)*

Provider Agent Name: [_____]

*(Name of provider's authorized agent)*

Provider Agent Contact Name: [_____]

*(Name of contact in agent office for handling ERA issues)*

Telephone Number: [_____]    E-mail Address: [_____]

*(Associated with contact person)*    *(An electronic mail address at which the health plan might contact the provider)*

**6-Financial Institution Information** *(Required for **EFT Only** or for **EFT & ERA** "Form Select" choice)*

Financial Institution Name: [_____]

*(Official name of the provider's financial institution)*

Financial Institution Routing Number: [_____]

*(A 9-digit number of the financial institution where the provider maintains an account to which payments are to be deposited)*

Type of Account at Financial Institution: [_____]

*(The type of account the provider will use to receive EFT payment, e.g. Checking, Saving)*

Provider's Account Number with Financial Institution: [_____]

*(Provider's account number at the financial institution to which EFT payments are to be deposited)*

Account Number Linkage to Provider Identifier. Select one option below.
*(Provider preference for grouping [bulking] claim payments – must match preference for v5010 X12 835 advice)*

● Provider Tax Identification Number (TIN)    ○ National Provider Identifier (NPI)

ECHO Health, Inc. || 810 Sharon Drive || Westlake, Ohio 44145 || Phone: 440.835.3511 || Fax: 440.835.5656 || wwe.echohealthinc.com
The ECHO logo and the text "ECHO" are Registered Service Marks of ECHO Health, Inc.

EFT-ERA Fillable - ECHO - standard 2025-3D                    Page 2 of 3

*ONLINE*

┌─ **7-Electronic Remittance Advice Information** *(Required for **ERA Only** or **EFT & ERA** "Form Select" choice)* ─┐

**Preference for Aggregation of Remittance Data (e.g., Account Number Linkage to Provider Identifier)**
*(Provider preference for grouping [bulking] claim payment remittance advice – must match preference for EFT payment)*

**Does provider have a National Provider Identifier (NPI) Number?** ◉ Yes  ◯ No

**Provider Tax Identification Number (TIN):** [                    ]
*(Required if NPI is not applicable)*

**National Provider Identifier (NPI):** [                    ]
*(Required if TIN is not applicable)*

**Method of Retrieval:** [                    ]
*(The method in which the provider will receive the ERA from the health plan [e.g., download from health plan website, clearinghouse, etc.])*

┌─ **8-Electronic Remittance Advice Clearinghouse Information** *(Required for **ERA Only** or **EFT & ERA** "Form Select" choice)* ─┐

**Clearinghouse Name:** [                    ]
*(Official name of provider's clearinghouse)*

**Clearinghouse Contact Name:** [                    ]
*(Name of a contact in the clearinghouse office for handling ERA issues)*

**Clearinghouse Telephone Number:** [                    ]
*(Telephone number of contact)*

**Clearinghouse E-mail Address:** [                    ]
*(An electronic mail address at which the health plan might contact the provider's clearinghouse)*

┌─ **9-Electronic Remittance Advice Vendor Information** *(Required for **ERA Only** or **EFT & ERA** "Form Select" choice)* ─┐

**Vendor Name:** [                    ]
*(Official name of provider's vendor)*

**Vendor Contact Name:** [                    ]
*(Name of contact in vendor office for handling ERA issues)*

**Vendor Telephone Number:** [                    ]
*(Telephone number of contact)*

**Vendor E-mail Address:** [                    ]
*(An electronic mail address at which the health plan might contact the provider's vendor)*

┌─ **10-Submission Information** *(Required)* ─┐

**Reason for Submission:** ◉ New Enrollment:   ◯ Change Enrollment:   ◯ Cancel Enrollment:

**Printed Name of Person Submitting Enrollment:** [                    ]
*(The printed name of the person signing the form; may be used with electronic and paper-based enrollment)*

**Submission Date** *(YYYYMMDD):* [                    ]
*(The date on which the enrollment is submitted)*

**Authorized Signature** *(The signature of an individual authorized by the provider or its agent to initiate, modify or terminate an enrollment. May be used with electronic or paper-based manual enrollment.*

☐ By signing below, provider acknowledges that the provider has read, agrees that is it subject to and agrees to comply with all terms and conditions, including those relating to the delivery of the services, which can be found at:

https://enrollments.echohealthinc.com/termandcondition.aspx

**Signature of Person Submitting Enrollment:** [                    ]
*(A [usually cursive] rendering of a name unique to a particular person used as confirmation of authorization and identity)*

**Note**: Electronic signature (e-signature) is optional. If you prefer, print the completed form and sign it manually.

*Postal mail OR send completed form via the ECHO secure portal. See page 1 of this form for instructions.*

[ CLEAR ]   [ PRINT ]

ECHO Health, Inc. || 810 Sharon Drive || Westlake, Ohio 44145 || Phone: 440.835.3511 || Fax: 440.835.5656 || wwe.echohealthinc.com
The ECHO logo and the text "ECHO" are Registered Service Marks of ECHO Health, Inc.

EFT-ERA Fillable - ECHO - standard 2025-3D

Page 3 of 3

# EXHIBIT "B"



## TERMS AND CONDITIONS

The standard for payments made by ECHO Health Inc. ("ECHO", "we", or "us") is through the Federal Automated Clearing House, commonly known as ACH or direct deposit. ACH is known to be the safest, fastest and most convenient method of payment. To enroll in the ACH payment process, you (as an individual or company) must have a valid checking or savings account at a financial institution that participates in ACH. Most banks and credit unions participate in ACH.

This Agreement is subject to Article 4A of the Uniform Commercial Code ("UCC"). By agreeing to this Agreement and providing us your account information, you agree to provide accurate enrollment information and accept the provisions of this Agreement. Further, you authorize ECHO to credit or debit the account(s) listed on your Enrollment Form (the "Account" or "Accounts") in connection with processing transactions between you and any Payer(s). You agree to comply with all applicable laws, rules and guidelines related to electronic funds transfers, including without limitation, Article 4A of the UCC and the operating rules and regulations of the National Automated Clearinghouse Association. These rules provide, among other things, that payments made to you are provisional until final settlement is made through a Federal Reserve Bank or payment is otherwise made as provided in Article 4A-403(a) of the UCC. If we do not receive such payment, we are entitled to a refund from you in the amount credited to your Account, and the Payer that originated or instructed such payment will not be considered to have paid the amount so credited. We may also adjust any future payments to you if payments previously made are found to be duplicates, in excess of requirements, fraudulent, in error, or require any other adjustment under the terms of an agreement with you. This may be accomplished using an ACH debit. We may make adjustments to your Account(s) whenever a correction or change is required.

Submission of the ACH Payment Enrollment Form authorizes ECHO to electronically deposit payments through ACH to the financial institution named herein pertaining to payments for health care services rendered. You understand and agree that payments you receive may be from Federal and State funds, and that any falsification, or concealment of a material fact, may be prosecuted under Federal and State laws. Your authorization shall remain in effect until we receive a revised written authorization from you, or your advanced written notice of termination is provided to us. Such notice should afford ECHO and the financial institution named herein reasonable opportunity to act on it. It is your responsibility to provide an updated ACH Payment Enrollment Form to ECHO updating any changes to your financial institution, routing and/or account number(s).

Notice to ECHO should be addressed to:

**ECHO Health Inc.**
**810 Sharon Drive**
**Westlake, Ohio 44145**

ECHO reserves the right to reverse any duplicate or erroneous credit entries.

## Consent to Paperless Delivery of Tax-Related Documents

**Please read this information carefully and print or download a copy for your files.**

You may elect to receive tax-related documents from Echo Health Inc. or its affiliates ("ECHO") via electronic delivery, either via email or delivered through a web interface where you can go to a website and download the statement. However, IRS guidelines require that you must first review these disclosures and provide your affirmative consent to receiving information in an electronic format. This Consent to Paperless Delivery ("Consent") is effective until affirmatively withdrawn by you. This is your copy of the Consent.

By agreeing to accept required tax–related documents electronically, you also agree that:

1. Your computer system meets the hardware and software requirements stated below under "System Requirements"; and

2. You will promptly notify ECHO of any change in your e-mail address by providing your taxpayer identification number and name as it appears on your Form W-9, either by calling ECHO at (440) 835-3511, or by writing to:

**ECHO Health Inc.**
**810 Sharon Drive**
**Westlake, Ohio 44145**

### Consent to Paperless Delivery of Tax-Related Documents

By clicking on the "I have read the Consent and consent to paperless delivery" checkbox, you acknowledge that: (1) you have read and understand this Consent; and (2) you affirmatively consent to receive and acknowledge that you can access, receive, print and retain your tax-related documents (including IRS Form 1099) electronically. You agree that such information may be communicated online by posting notices, disclosures, and other communications on our website or by sending such information to you by e-mail. Your consent to receive tax-related documents electronically will be effective until affirmatively withdrawn (see "Withdrawal of Consent"). If you do not specifically consent to the electronic delivery of tax-related documents by clicking the applicable checkbox, you will continue to receive paper copies of all required tax-related documents, including Form 1099.

### Additional Paper Copies

In addition to consenting to and obtaining electronic copies, you may request additional paper copies of your tax-related documents by contacting ECHO as provided above. Requesting a paper copy of your tax-related documents will not be considered a withdrawal of your consent for paperless delivery. You must formally withdraw consent to begin regularly receiving a paper copy of your future tax-related documents.

### Notification of Change to E-mail Address

You agree to notify us promptly if your e-mail address or other account information changes by contacting us as provided above. For information that is required by law to be sent to you, including Form 1099, if we receive an electronic notice that an e-mail is undeliverable due to an incorrect or inoperable e-mail address, we will resend such information via U.S. Postal Service.

### Withdrawal of Consent

Withdrawal of consent to paperless delivery is prospective only. Any withdrawal ensures that future tax-related documents will be delivered to you as a paper document, but does not apply to any document that has already been furnished to you electronically. You may withdraw your Consent to paperless delivery by providing written notice either: (1) by mail at the address set forth above; or (2) by email to _____@echohealthinc.com. In each case, state that you are withdrawing consent to paperless delivery of tax-related documents, and provide the taxpayer identification number and the name as it

appears on Form W-9. ECHO may take up to ten (10) business days after receipt to process your request. You will receive written notice that ECHO has received and processed your request.

**System Requirements**

To access your electronic tax-related documents, you need to be able to read Adobe PDF files. To do this, you must have Adobe Acrobat Reader installed on your computer. It can be downloaded for free at http://get.adobe.com/reader/. You also need to have a computer with Internet access that supports the use of a browser that supports 128-bit encryption, and will need to have JavaScript enabled in your browser. You need hardware as necessary to support this software. In order to keep copies for your records, you will need to have access to a printer or have the ability to download information.

**Agreement**

You understand and intend that your clicking on the "I have read the Consent and consent to paperless delivery" checkbox shall operate as your signature and you acknowledge that you have read the Consent and have printed or downloaded a copy for your records. You further acknowledge that you affirmatively consent to receive your tax-related documents, including IRS Form 1099, electronically. Tax-related documents will remain available electronically for at least one (1) year after the date the document is first made available to you electronically.

**Notice of termination**

ECHO reserves the right to stop paperless delivery of your tax-related documents at any time by giving you notice. If ECHO does so, ECHO will send you paper copies of your tax-related documents.

# EXHIBIT "C"

# Wisler Pearlstine, LLP

Offices in Blue Bell ✦ Newtown ✦ Malvern

45 Liberty Blvd., Suite 230
Malvern, Pennsylvania 19355-1419
610.722.5800 ✦ Fax 610.647.6714
www.wislerpearlstine.com

David M. Burkholder
dburkholder@wispearl.com

April 24, 2026

**Via Electronic Mail (TStoltz@ECHOHealthInc.com)**
Tyler Stoltz, CFE
ECHO Health Inc.
Fraud Manager
810 Sharon Dr.
Westlake, OH 44145

    **RE:**   United Medical Clinic of PA, LLC Demand for Payment from ECHO Health, Inc.

Dear Mr. Stoltz:

This firm represents United Medical Clinic of PA, LLC ("United") regarding the monies owed to it by your company, ECHO Health, Inc. ("ECHO"). This letter serves as United's demand for the immediate repayment of the $223,832.43, plus interest, representing the monies which ECHO wrongfully deposited into an account neither controlled nor authorized by United.

As is clear from your correspondence dated March 27, 2026, ECHO's procedures and processes failed to capture the deposit error or to notify United that ECHO continued to commit over the course of several years. United had no fault in this oversight which was overseen, managed, and subordinated by ECHO.

Further, in your correspondence, you note that "Upon confirmation and cooperation from the receiving account holder, ECHO will coordinate the return of any recoverable funds and reissue payment to the Wells Fargo account on file." While United expects ECHO, of course, to recover whatever funds possible from the recipient with whom ECHO wrongly deposited the monies, United has a more direct expectation that ECHO will immediately make United whole. To that end, United hereby demands that ECHO make the recovery payments to United, plus interest at the statutory rate under Pennsylvania law, no later than close of business on Friday, May 1, 2026.

Should ECHO fail or refuse to make such payments by that time, United will take all necessary steps to protect its interests.

ATTORNEYS AT LAW

Blue Bell Office:  Blue Bell Executive Campus ✦ 460 Norristown Road, Suite 110 ✦ Blue Bell, Pennsylvania 19422-2323 ✦ 610.825.8400 ✦ Fax 610.828.4887

Newtown Office:  301 North Sycamore Street ✦ Post Office Box 1186 ✦ Newtown, Pennsylvania 18940-3808 ✦ 215.579.5995 ✦ Fax 215.579.7909

Wisler Pearlstine, LLP

If ECHO has not notified its insurance carrier of this matter, I strongly recommend that ECHO do so now.

Please direct all correspondence to my attention. If you have legal counsel for this matter, please forward this letter to counsel and instruct them to contact me.

This and all prior and subsequent correspondence relating to the matters herein are sent under an express reservation of rights, claims, and defenses at law and it equity which United now has, had, or may have in the future.

Regards,

*David M Burkholder*

David M. Burkholder, Esquire